Dear Ms. Marshall:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for clarification regarding a homeowner's eligibility for the special assessment level ("SAL") afforded to homeowners over the age of 65. The property in question is co-owned by retired employees of the New Orleans Public Schools District. Your request indicates that one of the co-owners is over the age of 65, while the other is not.
Initially, we note that the determination of whether property is subject to homestead exemption and the special assessment level is a factual determination which is the responsibility of the various tax assessors, subject to review by the Louisiana Tax Commission, and ultimately the courts. See La.Const. Art. VII, Sec. 18; La.R.S.47:1952; Attorney General Opinion Nos. 00-321, 01-315. With this is mind, we offer the following.
Louisiana Constitution Article VII, Section 18(G)(1), as amended by Act 511 of the 2005 Regular Session of the Louisiana Legislature, provides, in pertinent part, as follows:
(G)(1) Special Assessment Level.
 (a)(i) The assessment of residential property receiving the homestead exemption which is owned and occupied by any of the following and who meet all of the other requirements of this Section shall not be increased above the total assessment of that property for the first year that the owner qualifies for and receives the special assessment level, provided that such person or persons remain qualified for and receive the special assessment level:
 (aa) People who are sixty-five years of age or older. *Page 2 
In prior opinions, this office has consistently opined that the SAL did not apply to immovable property held in indivision by two single (i.e., unmarried) individuals, since such property was not entitled to the homestead exemption. See Attorney General Opinion Nos. 94-70, 96-3, 95-131, 98-236, 99-155, 00-321. However, since the issuance of those opinions, the provisions relating to the homestead exemption have been amended by the Louisiana Legislature. Louisiana Constitution Article VII, Section 20, as amended by Act 929 of the 2004 Regular Session of the Louisiana Legislature, currently reads as follows:
Section 20. (A) Homeowners.
 The bona fide homestead, consisting of a tract of land or two or more tracts of land even if the land is classified and assessed at use value pursuant to Article VII, Section 18(C) of this constitution, with a residence on one tract and a field with or without timber on it, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person or persons owning the property in indivision, shall be exempt from state, parish, and special ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. The same homestead exemption shall also fully apply to the primary residence, including a mobile home, which serves as a bona fide home and which is owned and occupied by any person or persons owning the property in indivision, regardless of whether the homeowner owns the land upon which the home or mobile home is sited; however, this homestead exemption shall not apply to the land upon which such primary residence is sited if the homeowner does not own the land. (Emphasis Added).
Act 929 of the 2004 Regular Session specifically provides that the homestead exemption applies to homes owned and occupied by any person or persons owning the property in indivision. Accordingly, since the homestead exemption does apply, we withdraw our previous prohibitions against the application of the SAL to homes owned and occupied by persons in indivision.
Although, our prior prohibitions against the application of the SAL to homes owned and occupied by persons in indivision have been removed, our prior opinions remain instructive. For example, in Attorney General Opinion No. 01-315 we were asked to determine whether the special assessment level afforded by Section 18(G)(1) of the Louisiana Constitution to qualifying senior citizens, was available to the entire house, or limited to just that portion of the house occupied by the owner. There, the owner occupied approximately two thousand square feet of his residence and divided the *Page 3 
remaining eight thousand square feet into rental units which he leased to tenants. We ultimately opined,
 "[s]ince only a portion of the house is being occupied as a residence by the owner, the homestead exemption can only extend to that portion.. . . .Accordingly, since the SAL applies only to residential property receiving the homestead exemption, it would only extend to that portion of the house being occupied as a residence by the owner."
In accord with Opinion No. 01-315, we currently hold that since only one of the co-owners of the property qualifies for the SAL afforded by Louisiana Constitutional Article 18(G)(1), the SAL may only be applied to the qualifying co-owner's ownership interest, i.e. fifty percent of the total assessment of the property.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:_________
 MICHAEL J. VALLAN
 Assistant Attorney General CCF, JR/MJV/crt